IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                                        PLAINTIFF

v.                                                   CIVIL ACTION NO. 5:12cv157-DPJ-FKB

CLAUDE PICKETT and LAURY HAUER                                         DEFENDANTS

ORDER

This declaratory-judgment action is before the Court on Defendant Larry Hauer's Motion to Dismiss [5]. Because Plaintiff states a facially plausible claim, the motion is denied.

I.      Facts and Procedural History

On November 9, 2009, Defendant Claude Pickett allegedly assaulted Hauer in the Natchez, Mississippi, Wal-Mart store. At the time, Pickett carried liability insurance through a homeowner's insurance policy issued by Plaintiff Allstate Property and Casualty Insurance Company ("Allstate"). On October 27, 2010, Hauer sued Pickett in Adams County Circuit Court for intentional and/or negligent infliction of emotional distress arising out of the alleged assault ("the Underlying Litigation"). On November 16, 2012, Allstate filed this declaratory-judgment action, seeking a declaration that it has no duty to defend or indemnify Pickett in the Underlying Litigation. Hauer filed his motion to dismiss on December 11, 2012.

II.     Standard

Hauer seems to rely on Federal Rule of Civil Procedure 12(b)(6), asserting that Allstate's complaint should be dismissed for failure to state a claim upon which relief can be granted.[1]

---

[1] The Motion cites to Rule 12(b)(7), which covers "failure to join a party under Rule 19." Because no issues concerning joinder of parties appear to be implicated, the Court construes the motion as brought under Rule 12(b)(6).

Mot. [5] ¶ 1.  In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Finally, "when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate."  *Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994).

III.   Analysis

In his one-page motion, which was unaccompanied by a memorandum of law as required by Local Rule 7(b)(4), Hauer raised three bases for dismissal:  (1) failure to state a claim, (2) laches, and (3) waiver.  Hauer expounded somewhat on his legal positions in his two-page Reply [12].  None of Hauer's arguments are availing.

Allstate has stated a facially plausible claim for declaratory judgment.  A federal court may entertain a suit for a declaratory judgment so long as there is an "actual controversy."  *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998).  "An actual controversy may exist when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor

indemnify its insured in a state court action that has not yet proceeded to judgment." *Id.* (citation omitted). Allstate has stated just such a claim: it alleges that its insured has been sued and that the allegations of the complaint place the Underlying Litigation outside the policy's coverage. *See Estate of Bradley ex rel. Sample v. Royal Surplus Lines Ins. Co.*, 647 F.3d 524, 529 (5th Cir. 2011) ("When an insured is sued, an insurer's duty to defend is determined solely by comparing the facts alleged in the [underlying] complaint with the terms of the policy." (citing *U.S. Fid. & Guar. Co. v. OmniBank*, 812 So. 2d 196, 200 (Miss. 2002); *Delta Pride Catfish, Inc. v. Home Ins. Co.*, 697 So. 2d 400, 403 (Miss. 1997))). That "a material issue of fact exists as to whether Pickett committed the complained of facts" does not impact Allstate's ability to seek declaratory relief. Reply [12] at 1.

Nor has Hauer demonstrated that a successful affirmative defense of either laches or waiver "appears on the face of the pleadings" so as to permit dismissal at this stage. *Kansa Reinsurance Co.*, 20 F.3d at 1366. First, the pleadings do not demonstrate that Allstate waived its right to contest coverage. Rather, Allstate says that it "has been defending Pickett under [a] reservation of rights." Resp. [8] ¶ 15. Waiver may be a factual issue that can be litigated in this case, but Hauer has not demonstrated that it requires dismissal at the pleading stage. Second, the pleadings do not establish that the elements of laches—an inexcusable delay in asserting a right that causes "undue prejudice to the party against whom the claim is asserted"—are present. *Glass v. Glass*, 726 So. 2d 1281, 1287 (Miss. Ct. App. 1998) (citing *Grant v. State*, 686 So. 2d 1078, 1089 (Miss. 1996)). Stated simply, Allstate's complaint states a facially plausible claim for relief.

IV.     Conclusion

The Court has considered all the parties' arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Defendant Larry Hauer's Motion to Dismiss [5] is denied.

**SO ORDERED AND ADJUDGED** this the 8th day of March, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE