UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY                                                              PLAINTIFF

v.                                                      CIVIL ACTION NO. 5:12cv157-DPJ-FKB

CLAUDE PICKETT, et al.                                                       DEFENDANTS

ORDER

This declaratory-judgment insurance-coverage action is before the Court on Plaintiff Allstate Property & Casualty Insurance Company's Motion for Default Judgment as to Claude Pickett [17] and its Unopposed Motion for Summary Judgment as to Larry Hauer [20].  Because the Court concludes that Allstate's policy does not cover the allegations in the underlying complaint, both motions are granted.

I.      Facts and Procedural History

This case arises out of a November 9, 2009 altercation between Defendants Claude Pickett and Larry Hauer.  Pickett, an insured under a homeowner's policy of insurance issued by Plaintiff Allstate, and Hauer exchanged words at the Wal-Mart store in Natchez, Mississippi, and Pickett began punching Hauer in the face and head.  As a result of the incident, Pickett was charged with and pled guilty to simple assault.

On October 27, 2010, Hauer filed the underlying lawsuit against Pickett in the Circuit Court of Adams County, Mississippi.  In the underlying lawsuit, Hauer alleges that Pickett "physically assaulted" him, "intentionally committing an unwanted touching of Larry Hauer's person [that] placed him in fear of imminent bodily harm." Underlying Compl. [20-2] ¶¶ 6, 9.  In response to the underlying lawsuit, Pickett denied that Hauer was entitled to any relief on his

claims and filed a counterclaim asserting that Hauer started the physical altercation by "push[ing] his shopping cart into Mr. Pickett," after which Pickett "defended himself reasonably." Underlying Answer [20-3] at Counterclaim ¶¶ 10, 11.

On November 16, 2012, Allstate filed the instant Complaint for Declaratory Judgment against Pickett and Hauer, seeking a declaration that its policy provides no liability coverage for the damages sought in the underlying lawsuit. Pickett never appeared, and on March 12, 2013, the Clerk of Court entered his default [15]. Thereafter, Allstate filed its motion for default judgment as to Pickett [17] and its unopposed motion for summary judgment as to Hauer [20]. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standards

Federal Rule of Civil Procedure 55(b)(2) permits the Court to enter a default judgment against a non-appearing defendant. A defendant, "by his default, admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). But a default judgment is proper only if those well-pleaded factual allegations establish a valid cause of action: "There must be a sufficient basis in the pleadings for the judgment." *Id.* Thus, the Court's duty in considering a motion for default judgment is "to ensure that Plaintiff is entitled to judgment as a matter of law based on the admitted factual allegations of the Complaint." *Forman Perry Watkins Krutz & Tardy LLP v. Kelly Capital, LLC*, No. 2:11cv176-KS-MTP, 2011 WL 5983296, at *1 (S.D. Miss. Nov. 29, 2011).

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment,

after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

III.     Analysis

Allstate's policy covers "damages which an insured person becomes legally obligated to pay because of bodily injury . . . arising from an occurrence to which this policy applies." Policy [1-2] at 19. The policy defines an "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage." *Id.* at 3. And it excludes from this liability coverage "any bodily injury . . . intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person." *Id.* at 19. Allstate asserts that there is no coverage for the underlying litigation because the bodily injury did not arise from an occurrence under the policy. Alternatively, it argues that coverage is precluded by the intentional-acts exclusion.

The interpretation of an insurance policy is a question of law for the Court when the meaning of the terms is clear and unambiguous. *Nationwide Mut. Ins. Co. v. Yelverton*, 417 F. Supp. 2d 817, 820 (S.D. Miss. 2006). Mississippi courts have interpreted the intentional-acts exclusion to preclude coverage for an act "if the actor desires to cause the consequences of his act, or believes that the consequences are substantially certain to result from it." *Lewis v. Allstate Ins. Co.*, 730 So. 2d 65, 68 (Miss. 1998) (citing *Coleman v. Sanford*, 521 So. 2d 876, 878 (Miss. 1988)). Given Pickett's admission in the underlying litigation that he defended himself after being assaulted by Hauer, intentionally hitting him, the Court concludes that Pickett "believe[d]

3

that the consequences [were] substantially certain to result from" his actions. Allstate has demonstrated that it is entitled to a declaration that its insurance policy does not provide coverage for the damages sought in the underlying lawsuit.

IV.     Conclusion

For the foregoing reasons, Allstate's Motion for Default Judgment as to Claude Pickett [17] and its Unopposed Motion for Summary Judgment as to Larry Hauer [20] are granted. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 17th day of January, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE